IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STANTON M. SMITH; EMILY B. SMITH; MERS, INC., as nominee for U.S. BANK TRUST N.A.; WEST COAST SERVICING, INC.; EXPRESS RECOVERY SERVICES, INC.; and SALT LAKE COUNTY, UTAH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:26-cv-0100<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

On August 3, 2026, the court ordered the Plaintiff to file a status report regarding the status of service of the amended complaint, and to do so within 14 days. (ECF No. 27.) After the deadline passed and the Plaintiff had not filed a status report, the court ordered a reminder with a new deadline. (ECF No. 30.) The Plaintiff missed that deadline. Concurrently, some of the Defendants explained that the Plaintiff had not initiated the planning process contemplated by the court's Order to Propose Schedule, which meant the parties were not in a position to file the motion contemplated by that Order. (See ECF No. 31; ECF No. 8.) The court then ordered the Plaintiff to show cause why this case should not be dismissed for failure to prosecute or for the Plaintiff's failure to follow court orders. (ECF No. 35.)

Thereafter, the Plaintiff entered motions for entry of default against several Defendants, (ECF Nos. 36–38), dismissed a different Defendant, (ECF No. 39), responded to the order to show cause, (ECF No. 41), and filed a status report, (ECF No. 40). Additionally, Magistrate

Judge Oberg directed the parties to comply with the Order to Propose Schedule, and to do so within 14 days. (ECF Nos. 43, 45 (discussing ECF No. 8).) That 14-day period has expired. The parties have not complied with the Order to Propose Schedule. Instead, on October 23, 2026, the Plaintiff filed a Status Report that stated: "The scheduling order … was delayed by events that the parties will advise the Court of if necessary. The parties will file their scheduling order by October 28, 2026. Counsel for the United States thanks counsel for the Smiths for their understanding." (ECF No. 46 at 1.) That date has come and gone. No scheduling order has been filed despite the Plaintiff's representation that it would be filed—belatedly—on that date.

The court appreciates the parties' attempts to settle this matter. (ECF No. 46 at 1.) Nevertheless, they must comply with this court's orders. See Nitka v. Nelnet, Inc., 809 F. App'x 491, 494 (10th Cir. 2020) ("A district court may dismiss an action sua sponte '[i]f the plaintiff fails to prosecute or to comply with … a court order.'" (quoting Fed. R. Civ. P. 41(b))); Smith v. United States, 697 F. App'x 582, 583 (10th Cir. 2017) ("Although a district court must consider certain criteria before dismissing an action with prejudice for failing to comply with an order, it may dismiss without prejudice 'without attention to any particular procedures.'" (quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007))).

The court therefore ORDERS the Plaintiff to show cause within 14 days from the date of this order as to why this case should not be dismissed for failure to prosecute or for the Plaintiff's failure to follow court orders. If the case has not settled by that time, the Plaintiff must separately file a motion for scheduling order as directed by the court's Order to Propose Schedule.

DATED this 3rd day of November, 2026.

BY THE COURT:

Tena Campbell
United States District Judge